IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. 4:11-CV-0016 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| JOANN W. HOSFELT | : | |
| Defendant | : | |

**MEMORANDUM**

This is a mortgage foreclosure action of the real property known as 2 Barry Circle, Shippensburg, Pennsylvania 17257. (Doc. 1) Presently before the court is the petition (Doc. 11) of plaintiff, the United States of America ("the U.S.") to set aside the Marshal's sale of September 7, 2011 of said real property. The Marshal's sale inadvertently proceeded and the property at issue sold to a third party purchaser, despite the completed short sale of the property on September 6, 2011, and the transfer of the proceeds of that short sale to the U.S. on that date. For the reasons that follow, the court will grant the petition to set aside the September 7, 2011 Marshal's sale.

**I.   Background**

The U.S. filed its complaint in mortgage foreclosure on January 4, 2011. (Doc. 1). The Clerk of Court entered default as to defendant JoAnn Hosfelt ("Hosfelt") on March 15, 2011. (Doc. 7). On March 18, 2011, the court entered default judgment in favor of the U.S. in the amount of $150,658.60, plus interest. (Doc. 8). A Marshal's sale was initially scheduled for June 23, 2011, but rescheduled

for September 7, 2011.  (Doc. 11 ¶ 3).  Prior to the Marshal's sale, Hosfelt submitted to the U.S. an offer and contract for the purchase of the real property for an amount below the amount of the mortgage indebtedness.  (Id. ¶ 4).  On July 25, 2011, the U.S. agreed to a short sale[1] of the mortgaged property and after final approval, set a deadline of September 6, 2011, for the closing date and receipt of proceeds.  (Id. ¶¶ 6-7).  Per the agreement, on September 6, 2011, the Hosfelt and the short sale purchaser completed and closed the short sale transaction, and the proceeds from the short sale were forwarded to the U.S.  (Id. ¶ 8).

Unfortunately, counsel for the U.S. did not become aware of the receipt of funds prior to the Marshal's sale set for the following day.  (Id. ¶ 9).  As a result, the Marshal's sale proceeded as scheduled and the property was purchased by a third party for the sum of $82,000.  (Id. ¶¶ 10, 12).  On September 14, 2011, the U.S. through its counsel petitioned the court to set aside the Marshal's sale.  (Doc. 11).  Hosfelt concurs in the relief sought, however, the third party purchaser does not.  (Id. ¶ 13).  The U.S. avers that Marshal has yet to deliver the deed to the third party purchaser and thus no party will be prejudiced by the court granting the requested relief because the U.S., Hosfelt and the short sale purchaser will get their bargained for agreement and the Marshal's sale third party purchaser will be refunded the full amount of his bid.  (Id. ¶¶ 14, 15).

---

[1] In the context of a real estate transaction, a short sale is the sale of a property in which the proceeds from the sale are less than the balance of debts secured by liens against the property, and the lien holder agrees to release the lien and accept less than the amount owed on the debt.

## II. Standard of Review

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345. Federal Rule of Civil Procedure 69 requires that the procedure for execution of a money judgment accord with the procedure of the state where the court is located. FED. R. CIV. P. 69(a). In Pennsylvania, upon the petition of a party of interest, prior to delivery of the deed to real property, "the court may, upon proper cause show, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances." PA. R. CIV. P. 3132.

A petition to set aside sale invokes the equitable powers of the court and the decision on whether to grant the petition is within the court's discretion. M&T Mortg. Corp. v. Keesler, 826 A.2d 877, 879 (Pa. Super. Ct. 2003) (citing Jefferson Bank v. Newton Assocs., 686 A.2d 834, 838 (1996)); Kaib v. Smith, 684 A.2d 630, 631 (Pa. Super. Ct. 1996). The party petitioning to set aside the sale bears the burden of "proving circumstances warranting the exercise of the court's equitable powers." Kaib, 684 A.2d at 631; see also GMAC Mortg. Corp. of Pa. v. Buchanan, 929 A.2d 1164, 1167 (Pa. Super. Ct. 2007).

## III. Discussion

The U.S. filed the instant petition to set aside sale (Doc. 11) on September 14, 2011, seven days after the Marshal's sale, and prior to the delivery of the deed to the third party purchaser. (Id. ¶ 15). The court may therefore set aside the sale "upon proper cause shown." PA. R. CIV. P. 3132. A balancing of the equities warrants granting the requested relief. In the instant matter, the short sale transaction of the

property was closed and completed, and the proceeds therefrom transferred to the U.S., one day prior to the Marshal's sale. (Id. ¶ 8).

The Pennsylvania Superior Court faced a factually similar situation in Merrill Lynch Mortgage Capital v. Steele, 859 A.2d 788 (Pa. Super. Ct. 2004). In that case, after the defendants defaulted on their mortgage, plaintiff Merrill Lynch instituted a mortgage foreclosure action, obtained a default judgment and had the property sold at a sheriff's sale. Id. at 789. The day before the sheriff's sale, however, defendants sold the property, in a transaction which had commenced months before the sheriff's sale and closed one day prior to the sheriff's sale. Id. at 790. The purchaser filed the deed several hours after the sheriff's sale and eight days later petitioned to set aside the sheriff's sale before the sheriff's deed issued to the sheriff's sale purchaser. Id. The court rejected the trial court's conclusion that the sheriff's sale purchaser was a *bona fide* purchaser for value and thus the sheriff's sale should not be set aside. Id. at 791. Instead, the Superior Court reasoned that because the sheriff's sale purchaser purchased the property at a sheriff's sale, the purchaser was imputed with the knowledge of the provisions of Pennsylvania Rule of Civil Procedure 3132 allowing for the court to set aside a sheriff's sale upon timely petition and proper cause shown. Id. at 792. The court concluded that the equities, including the receipt of monies due and owing by the judgment creditor, the lack of prejudice to the sheriff's sale purchaser, and the sheriff's sale purchaser's knowledge that it took the property subjection to Rule 3132, among others, warranted the set aside of the sheriff's sale.

In the instant matter, in accordance with Merill Lynch, the third party purchaser at the Marshal's sale may be imputed with the knowledge of Pennsylvania rules allowing for the court to set aside sales upon petition made prior to the delivery of the deed. See Merrill Lynch Mortg. Capital, 859 A.2d at 792. By setting aside the sale, the U.S., Hosfelt and the purchaser of the property under the short sale contract receive the benefit of their bargain. Additionally, the third party purchaser at the Marshal's sale will be refunded the full amount of his bid, thereby returning the third party purchaser to his position prior to the sale. Despite notice of the pending petition and an opportunity to note his non-concurrence, there has been no effort by the third party purchaser to intervene in this action or otherwise respond to the motion to set aside the Marshal's sale. The court will not allow the inadvertent failure to inform counsel for the U.S. of the completed short sale transaction to be the basis for depriving the parties of their completed contract, particularly in light of the knowledge imputed to the third party purchaser of the provisions of Pennsylvania Rule of Civil Procedure 3132. Under the circumstances of this case, the court finds it equitable and just to set aside the Marshal's sale.

**IV.	Conclusion**

For the above-stated reasons, the court will grant the petition to set aside Marshal's sale (Doc. 11).  An appropriate order follows.


         S/ Christopher C. Conner
         CHRISTOPHER C. CONNER
         United States District Judge


Dated:	November 3, 2011

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CIVIL ACTION NO. 4:11-CV-0016 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **JOANN W. HOSFELT** | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 3rd day of November, 2011, upon consideration of the petition to set aside marshal's sale (Doc. 11) filed by the plaintiff, the United States of America, on September 14, 2011, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition to set aside marshal's sale (Doc. 11) is GRANTED.

2. The Marshal's sale held on September 7, 2011, in the above-captioned matter is SET ASIDE.

3. The funds deposited by the third party purchaser on account of his bid at the September 7, 2011, Marshal's sale shall be RETURNED to the third party purchaser forthwith.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge